**UNITED STATES of America,**
**Appellant,**

v.

**Jose Alvarado FARRA and Eduardo Enrique Bastidas, Defendants-Appellees.**

**No. 364, Docket 83–1262.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 15, 1983.

Decided Jan. 12, 1984.

Stuart E. Abrams, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., and Roanne L. Mann, Asst. U.S. Atty., New York City, of counsel), for appellant.

Phillip Kahn, Brooklyn, N.Y., for defendant-appellee Farra.

Arthur J. Jaffe, New York City (Robert Blossner, New York City, of counsel), for defendant-appellee Bastidas.

Before KAUFMAN, VAN GRAAFEILAND and HAYNSWORTH *, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

On May 10, 1983, appellees and six codefendants were indicted in the United States District Court for the Southern District of New York on charges of violating and conspiring to violate the federal narcotics laws. Two of the codefendants pleaded guilty; two were convicted; one was acquitted, and one had a hung jury. Appellees, who were

* Senior Circuit Judge of the Fourth Circuit, sitting by designation.

arrested in a hotel room in which DEA agents found approximately twenty-two pounds of cocaine, succeeded in having the evidence relating to the cocaine suppressed. The charges against them were severed, and their case has not yet been tried. This is an appeal by the Government from the suppression order.

The first link in the chain of events which led the agents to the hotel room was undercover agent Gerald Franciosa's attempted purchase of ten kilograms of cocaine from one of the codefendants. Purchase negotiations continued for several days at a travel agency in Brooklyn, during the course of which the negotiating codefendant told Franciosa that he had thirty kilos of cocaine in Manhattan which Franciosa might purchase. In the meantime, the other codefendants and one unidentified person became involved in the pending sale. One of the codefendants gave five grams of cocaine to Franciosa at a midnight meeting at the travel agency on May 4, 1983, and told him that the rest of the cocaine was at a hotel in Manhattan. Franciosa agreed to purchase five kilograms, the transaction to be completed at the Holiday Inn on West 57th Street in Manhattan, where Franciosa said he was staying.

The parties left the travel agency at about 12:30 a.m. on May 5, and two of them, with the five kilograms of cocaine in their possession, met Franciosa in the lobby of the Holiday Inn at about 1:30 a.m. Three of the other codefendants were in a motor vehicle, which DEA agents observed circling the block where the Inn was located. When Franciosa was satisfied that the two defendants had the five kilograms of cocaine with them, he signalled nearby DEA agents, and the defendants in the hotel and in the circling vehicle were arrested.

After the arrest, the agents found a receipt for Room 508 at the 48th Street Ramada Inn in the possession of the defendant who had told Franciosa about the cocaine in a Manhattan hotel. One of the other defendants had a room receipt for Room 521, which, however, was not in his name.

Franciosa and three other DEA agents immediately went to the Ramada Inn to secure the rooms and prevent the remainder of the cocaine from being removed or destroyed.

Upon arrival, they learned that the registrant of Room 508 had moved to Room 522 and the registrant of Room 521 had moved to Room 320. The agents went first to Room 522, which was occupied by the subsequently acquitted defendant. A search made with the occupant's consent uncovered no drugs. The agents then proceeded to Room 320. Although it was about 3:00 a.m. when they got there, they saw light coming from under the door and heard an agitated discussion in Spanish taking place inside the room. When Franciosa knocked and announced his identity, the agitated conversation was augmented by the sounds of much stirring about and the slamming of drawers or doors. Upon hearing this, Franciosa opened the door with a Ramada Inn passkey, and the agents entered and saw twenty-two pounds of cocaine in an open flight bag on the floor. Appellees, the agitated occupants of the room, were arrested. However, Judge Goettel subsequently suppressed all evidence as to the contents of the room, because he felt that the circumstances were not sufficiently exigent to justify the warrantless entry. We disagree.

As the DEA agents stood outside the hotel room door at 3:00 a.m. on May 5, 1983, they possessed information that one of the codefendants had a substantial quantity of cocaine in a Manhattan hotel and that he and another codefendant had receipts for two rooms at the Ramada Inn, one of them bearing a fictitious name. Upon their arrival at the Ramada, the agents had learned of the suspicious changing of rooms by the registrants, a common device of persons seeking to avoid detection. They knew that an unidentified collaborator of the codefendants had not been apprehended and that his whereabouts were unknown. The sounds coming from the interior of the room made it quite obvious that the occupants were upset about something, which very well might have been the arrests that had taken place a short time before at the

Holiday Inn. Management of the Ramada had blocked access to the third floor temporarily in order to protect other patrons, but that situation could not be maintained for long. If the agents who had disclosed their presence were forced to remain in the hotel hallways until they were able to obtain a middle-of-the-night warrant, there was a substantial risk that evidence would be removed or destroyed and that innocent patrons of the Inn would be harmed or significantly inconvenienced.

We conclude that, under those circumstances, there was an " 'urgent need' that 'justif[ied]' a warrantless entry." *United States v. Martinez-Gonzalez,* 686 F.2d 93, 100 (2d Cir.1982), and that the district court took "too narrow a view" of what constituted such an urgent need. *Id. See United States v. Martino,* 664 F.2d 860, 869–70 (2d Cir.1981), *cert. denied,* 458 U.S. 1110, 102 S.Ct. 3493, 73 L.Ed.2d 1373 (1982); *United States v. Vasquez,* 638 F.2d 507, 529–32 (2d Cir.1980), *cert. denied,* 454 U.S. 975, 102 S.Ct. 528, 70 L.Ed.2d 396 (1981); *United States v. Mapp,* 476 F.2d 67, 75 (2d Cir. 1973).

The order of the district court is reversed.